Yoav M. Griver
Bryan D. Leinbach
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Toscano Inc.*
*and PYA USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAGLIFICIO VALDA, S.P.A.,<br><br>                              Plaintiff,<br><br>          - against -<br><br>TOSCANO INC. and PYA USA, INC.,<br><br>                              Defendant. | Case No.:  13 Civ. 1786 (RA)<br><br>**TOSCANO INC. AND PYA USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Toscano Inc. and PYA USA, Inc. (collectively "Defendants"), by their attorneys Zeichner Ellman & Krause LLP, for their answer to the complaint of plaintiff Maglificio Valda, S.P.A. ("Plaintiff"), alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Defendants deny the allegations contained in paragraph 1 of the complaint, except refers to the referenced contract for its terms.

## JURISDICTION AND VENUE

2.      Defendants admit the allegations contained in paragraph 2 of the complaint.

3.    Defendants deny the allegations contained in paragraph 3 of the complaint.

## PARTIES

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admits that Plaintiff engaged in the manufacture of clothing in the past.

7.    Defendants admit the allegations contained in paragraph 7 of the complaint.

8.    Defendants admit the allegations contained in paragraph 8 of the complaint.

9.    Defendants admit that paragraph 9 of the complaint contains certain quotes from the website www.pyaimporter.com, refers the Court to the website in question for its content, and otherwise denies the allegations contained in paragraph 9 of the complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the complaint, except admit merchandise has been purchased from Plaintiff in the past.

## FACTS

14.     Defendants deny the allegations contained in paragraph 14 of the complaint, except admit that an affiliate of Defendants placed orders with Plaintiff for certain items of clothing and refers to the orders and associated documents for their contents.

15.     Defendants deny the allegations contained in paragraph 15 of the complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the complaint, except admit that Defendants or their affiliates received certain of the Invoices attached as Exhibit A to the complaint and refers to those Invoices for their contents.

17.     Defendants deny the allegations contained in paragraph 17 of the complaint, except admit that each Invoice attached as Exhibit A to the complaint refers to Toscano Inc. and refers to those Invoices for their contents.

18.     Defendants admit that the table set forth in paragraph 18 of the complaint contains the dates and amounts listed in the invoices attached as Exhibit A to the complaint, and otherwise deny the allegations contained in paragraph 18 of the complaint.

19.     Defendants admit that defendant PYA USA, Inc. received certain goods, many of which were late and/or non-conforming, from Plaintiff and/or an alternate supplier, and further admit that Defendants or affiliates of Defendants received certain of the invoices attached as Exhibit A to the complaint from Plaintiff.  Otherwise, Defendants deny the allegations contained in paragraph 19 of the complaint.

20.     Defendants admit demands for payment were made, but deny that any payments are owed to Plaintiff, and otherwise deny the allegations contained in paragraph 20 of the complaint.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

21.     Defendants repeat and reallege each and every response in paragraphs 1 through 20 as though fully set forth herein.

22.     Defendants refer to the relevant agreements with Plaintiff for their contents, and otherwise deny the allegations contained in paragraph 22 of the complaint.

23.     Defendants refer to the relevant agreements with Plaintiff for their contents, and otherwise deny the allegations contained in paragraph 23 of the complaint.

24.     Defendants refer to the relevant agreements with Plaintiff for their contents, and otherwise deny the allegations contained in paragraph 24 of the complaint. Defendants further aver that paragraph 24 of the complaint contains a legal assertion as to which no response is required.

25.     Defendants refer to the relevant agreements with Plaintiff for their contents, and otherwise deny the allegations contained in paragraph 25 of the complaint. Defendants further aver that paragraph 25 of the complaint contains a legal assertion as to which no response is required.

26.     Defendants refer to the relevant agreements with Plaintiff for their contents, and otherwise deny the allegations contained in paragraph 26 of the complaint. Defendants further aver that paragraph 26 of the complaint contains a legal assertion as to which no response is required.

27.     Defendants deny the allegations contained in paragraph 27 of the complaint. Defendants further aver that paragraph 27 of the complaint contains a legal

assertion as to which no response is required.  Defendants further aver that paragraph 27 of the complaint contains a prayer for relief as to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

28.    The complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

29.    Although it attaches certain Invoices, the complaint fails to attach a copy of the alleged Purchase Agreement or describe its terms with sufficient detail.

30.    Therefore, the complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

31.    Plaintiff's cause of action is barred by the doctrine of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

32.    Plaintiff's cause of action is barred by the doctrines of laches, waiver, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

33.    Defendants have a defense based upon the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

34.    Plaintiff failed to deliver some or all of the "Merchandise" (as defined in the Complaint).  Plaintiff failed to deliver some or all of the "Merchandise" on time, when Plaintiff knew timely delivery was a material term and requirement. Some of the "Merchandise" Plaintiff delivered did not conform to required specifications, or was otherwise non-conforming and unacceptable.

35.    As a result, Plaintiff failed to state a cause of action in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

36.    Plaintiff received payment for some of the "Invoices" (as defined in the Complaint).

37.    As a result, Plaintiff has failed to state a cause of action with regard to some or all of Plaintiff's damages.

## EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff has failed to properly mitigate its damages.

39.    As a result, Plaintiff has failed to state a cause of action with regard to some or all of Plaintiff's damages.

## NINTH AFFIRMATIVE DEFENSE

40.     Defendant PYA is entitled to set-offs, credits, and/or adjustments due to undelivered, late delivered, non-conforming, and/or or damaged "Merchandise" against any obligations Defendants are adjudged to owe Valda.

## RESERVATION OF RIGHTS

41.     To the extent not heretofore denied, Defendants deny each and every allegation of the complaint. Further, Defendants reserve the right to assert additional affirmative defenses and/or counterclaims.

## COUNTERCLAIMS

42.     Defendant-Counterclaim Plaintiff PYA USA, Inc. ("PYA"), by its attorneys Zeichner Ellman & Krause LLP, for counterclaims against Plaintiff-Counterclaim Defendant Maglificio Valda, S.P.A. ("Valda"), alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

43.     This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332(a).

44.     Venue is proper in this district because Defendant-Counterclaim Plaintiff PYA USA, Inc. has a place of business within the judicial district.

## FIRST COUNTERCLAIM

45.     PYA contracted with Valda for the manufacture of clothing for resale in the United States and Canada (the "Purchase Orders").

46.     Pursuant to the aforementioned agreements, Valda was required to manufacture the clothing pursuant to a set of required specifications (the "Goods").

47.     Moreover, pursuant to the aforementioned agreements, Valda was required to deliver the Goods on or before specific delivery dates to accommodate re-sale and delivery to PYA's customers in the United States and Canada.

48.     Valda breached the Purchase Orders by failing to deliver some of the Goods that were ordered.

49.     Valda also breached the Purchase Orders by delivering non-conforming and unacceptable Goods.

50.     Valda breached the Purchase Orders by failing to deliver some of the Goods on or before the required delivery dates agreed to in the Purchase Orders.

51.     Due to Valda's various breaches of the Purchase Orders, PYA was forced to contract with another manufacturer to produce the Goods pursuant to the required specifications.

52.    Due to Valda's various breaches of the Purchase Orders, PYA was forced to sell certain of the Goods at significant discounts to its customers, provide credit to its customers, or take back the Goods.

53.    Moreover, due to Valda's various breaches of the Purchase Orders, PYA's relationships with its existing customers were significantly damaged.

54.    As a result, defendant PYA has suffered damages in an amount over $1,000,000, plus applicable interest and costs.

WHEREFORE, defendants Toscano Inc. and PYA USA, Inc. demand judgment as follows:

(a)    dismissing the complaint in all respects;

(b)    for its costs and disbursements of this action;

(c)    awarding Defendant-Counterclaim Plaintiff PYA USA, Inc. damages in an amount to be determined against Plaintiff-Counterclaim Defendant Valda on PYA USA Inc.'s First Counterclaim, plus applicable interest, costs and fees; and

(d)     for such other and further relief as the Court deems

just and proper.

Dated:  New York, New York
        June 6, 2013

                                    ZEICHNER ELLMAN & KRAUSE LLP


                            By: /s/ Yoav M. Griver_____
                                Yoav M. Griver
                                Bryan D. Leinbach
                                Attorneys for Defendants
                                    Toscano Inc. and PYA USA, Inc.
                                    and Counterclaim-Plaintiff
                                    PYA USA, Inc.
                                575 Lexington Avenue
                                New York, New York 10022
                                (212) 223-0400

TO:     DUANE MORRIS LLP
        Evan Michailidis, Esq.
        Attorneys for
            Plaintiff-Counterclaim Defendant
            Maglificio Valda, S.P.A.
        1540 Broadway
        New York, New York 10036